## State ( *Cozzens Comp.* ) v. William Glennon.

The word *town*, in the act for the more effectual suppression of drinking houses and tippling shops, may be construed to include *city*, in virtue of the provisions of " an act in relation to the construction of statutes," and *Semble,* That, independent of said act last named, *town* would be held to be a generic term, embracing all municipal corporations vested with the right to make police rules and regulations within certain specified limits.

It is not necessary that an officer append to his signature to a complaint under the act aforesaid, his official designation, when in the body of the complaint he describes himself as of a class entitled to make complaint.

This was a complaint and warrant, brought from the Court of Justices of Newport to this Court by appeal. After verdict in this Court, the defendant moved in arrest of judgment, upon the grounds fully set forth in the Court's opinion. The motion was heard at the August term, 1855, and held for advisement until the present term.

*Van Zandt* for defendant.

*Hart, Attorney General*, for State.

Staples C. J. The defendant, after verdict, moved in arrest of judgment and sentence in said case, first, that the complaint in said case was made " by Charles Coz-

zens, one of the constables of *the city of Newport*, whereas under the act for the more effectual suppression of drinking houses and tippling shops, the constables of *any town* may make complaint, but that there is no provision authorizing the constables of any city so to do ;"—and, secondly, that the complaint is not signed by Charles Cozzens, as one of the constables of the city of Newport, but simply by Charles Cozzens, in his individual and private capacity, and is without recognizance."

Section 13th of the act referred to, among other things, provides that complainants appointed by the towns where the offence is committed, and the complaint made by the city marshal, city sergeant, and city watchmen of the city of Providence, the sheriffs and deputy sheriffs of the several counties, and the town sergeant and constables of any town, " shall not be required, upon making complaint for any violation of the fourth section of said act, to enter into any recognizance or to give surety for costs." After the passage of this act, and before the date of the complaint in this case, Newport had been incorporated as a city, and subsequent to its incorporation, the city marshal, city sergeant, and city watchmen of the city of Newport were invested with like powers under this act, as were the same officers of the city of Providence.

The motion raises the question, whether the constables of the cities of Providence and Newport are authorized, equally with constables of the towns in this State, to institute complaints under the fourth section of this act, without giving recognizance to pay costs. It is the opinion of the Court that they are.

The act in relation to the construction of statutes, declares that the word " town," in any statute, may be con-

strued to include cities, unless such construction would be "inconsistent with the manifest intent of the General Assembly, or repugnant to some other part of the same statute." There seems to us no inconsistency with any manifest intent of the General Assembly in giving this construction to this word town in the statute in question, nor does such construction appear repugnant to any other part of the same statute.

Without the aid of this statute in relation to construction, there would seem a manifest propriety in assuming that the General Assembly intended to include cities, when using the word town, unless the contrary is manifest in some other part of the same statute. Town is the generic term used in this country, as embracing all kinds of municipal corporations which have the right to make police rules or regulations, controlling all persons and things within certain specified limits. In this sense of the word, a city is a town. It is a municipal corporation, possessing all the powers of other municipal corporations, with such additions and limitations as are contained in the charter which gives it existence as a city. That which is its chief distinguishing characteristic, consists in the mode in which its general affairs are administered by means of certain officers, such as mayor, aldermen, and councils, to whom the citizens entrust most of the legislative and the executive powers, which in towns they exercise in person, in town meetings. Being a municipal corporation, it is a species or kind of town, differing from other municipal corporations in its government, its officers, and its powers.

The construction contended for by the defendant would require complainants appointed in the city of Providence to give recognizance for costs upon every complaint

State (Cozzens Comp.) *v.* William Glennon.

which they instituted, although their duty was to make complaints: for the section refers to complainants appointed by " towns," and not by the city of Providence.

As to the second objection, the complaint is addressed to the magistrate to whom it is made, by " Charles Cozzens, one of the constables of the city of Newport," on oath: as the complainant, in the body of the complaint, describes himself as a constable, and makes the complaint in that capacity, it does not seem to us necessary to add the title of his office to his signature to the complaint.

The motion in arrest of judgment is therefore overruled.